WR-62,485-03
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/12/2015 11:33:08 AM
Accepted 6/12/2015 11:42:21 AM
ABEL ACOSTA
CLERK

## CAUSE NUMBER WR-62,485-03

RECEIVED
COURT OF CRIMINAL APPEALS
6/12/2015
ABEL ACOSTA, CLERK

## IN THE

## COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

## EX PARTE
## SERGIO DANIEL GONZALES,
*Applicant*

## FROM THE 197th DISTRICT COURT
## OF CAMERON COUNTY, TEXAS
## TRIAL COURT CASE NUMBER 03-CR-278-C

## STATE'S SUGGESTION FOR REHEARING

**TO THE HONORABLE COURT OF CRIMINAL APPEALS**:

**COMES NOW RESPONDENT, THE STATE OF TEXAS,** by and through the Honorable Luis V. Saenz, the Cameron County District Attorney, and files this Suggestion for Rehearing of Applicant's Application for Writ of Habeas Corpus, and in support thereof, would respectfully show this Honorable Court as follows:

# I. STATEMENT OF THE CASE

This proceeding involves a Third Application for Writ of Habeas Corpus filed by Respondent, SERGIO DANIEL GONZALES, seeking relief from a judgment of conviction, and sentence, in cause number 03-CR-278-C, out of the 197th District Court of Cameron County, Texas. Said Application was dismissed by this Court on September 17, 2014.

# II. BASIS FOR SUGGESTION FOR RECONSIDERATION

In *Ex Parte Moreno*, 245 S.W.3d 419 (Tex. Crim. App. 2008), Presiding Judge Keller set forth, in her concurring opinion, the elements which must be present in order for this Court to reconsider an application for writ of habeas corpus:

> Reconsidering an application for writ of habeas corpus after a significant passage of time should be a rare event, and should not become a means of circumventing the statutes [concerning subsequent writ applications]. At a minimum, two conditions should be present. First, the reconsideration must indeed involve a claim that was originally raised in the application. Second, an indisputable mistake of fact or law that the reconsideration seeks to rectify must have been made by this Court.

*Id.* at 431 (Keller, P.J., concurring).

In accordance with the above stated conditions, the State respectfully suggests that the claims originally raised in Applicant's Third Application for

Writ of Habeas Corpus (dismissed by this Court on September 17, 2014) should be reconsidered by this Court, because a mistake of fact has been made herein. The allegations supporting the State's suggestion are as follows:

(A) This Court dismissed Applicant's Third Application for Writ of Habeas Corpus herein, stating that Applicant's sentence has been discharged.

(B) The undersigned counsel for the State has determined, through a review of T.D.C.J. records and conversation with counsel for T.D.C.J., that Applicant's sentence in Trial Court Cause Number 03-CR-278-C has not been discharged. In support of this statement of fact, the State attaches hereto an affidavit from the Program Supervisor for the T.D.C.J. Classifications and Records Department. Specifically, Trial Court records reflect that, on November 29, 2005, Applicant's sentence in 03-CR-278-C was imposed and ordered to run consecutive to an earlier imposed sentence in 04-CR-1586-C. In cause number 04-CR-1586-C, Applicant was sentenced on three different counts to a term of confinement for 50 years, 25 years and two years. Accordingly, Applicant has not yet discharged his sentence in 04-CR-1586-C; and therefore, Applicant has not even begun to serve his sentence in cause

number 03-CR-278-C. Because Applicant has not yet begun to serve his sentence in 03-CR-278-C, the State suggests that it was a mistake of fact for this Court to dismiss Applicant's Third Application for Writ of Habeas Corpus, stating that the sentence has been discharged.

(C) Accordingly, the State requests, and suggests that it would be proper, that this Court reconsider this matter, and that Applicant's Application, the State's answer, and the Trial Court's findings and recommendation all be considered by this Court. The State further requests and suggests that upon reconsideration, that the relief requested in Applicant's Third Application for Writ of Habeas Corpus should be DENIED.

(D) The reason for the filing of this suggestion by the State is that the undersigned counsel's duty, as prosecutor, is to see that justice is done. Tex. Code Crim. Proc. art. 2.01. Additionally, the State believes that a consideration and adjudication of the merits of Applicant's Third Application for Writ of Habeas Corpus would benefit the parties herein in subsequent post-conviction proceedings.

## CONCLUSION & PRAYER

Therefore, based on the above, RESPONDENT, the State of Texas, requests, and suggests that it would be proper, that this Court reconsider this matter, and that Applicant's Application, the State's answer, and the Trial Court's findings and recommendation all be considered by this Court. The State further requests and suggests that upon reconsideration, that the relief requested in Applicant's Third Application for Writ of Habeas Corpus be DENIED.

Respectfully Submitted,

**LUIS V. SAENZ**
Cameron County District Attorney
964 East Harrison Street, Fourth Floor
Brownsville, Texas 78520-7123
Phone: (956) 544-0849
Fax: (956) 544-0869

By: _/s/ René B. González_
**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us

**Attorneys for the State of Texas**

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's Suggestion for Rehearing was mailed to Sergio Daniel Gonzalez # 01342241, TDCJ - Wynne Unit, 810 FM 2821, Huntsville, Texas 77349 on the 12th day of June, 2015.

/s/ René B. González
René B. González

# AFFIDAVIT OF CHARLEY VALDEZ

STATE OF TEXAS

COUNTY OF WALKER

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Charley Valdez, who, after being duly sworn, deposes as follows:

"My name is Charley Valdez. I am over twenty-one years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated.

I am employed as Program Supervisor III for the Classification and Records Department ("CRD") of the Texas Department of Criminal Justice-Correctional Institutions Division, and my office is located in Huntsville, Texas. I have reviewed time records kept by the CRD regarding Offender **Sergio Daniel Gonzalez, TDCJ # 1342241.** CRD maintains these records in the regular course of business of every offender confined; and it was the regular course of business for an employee or representative to TDCJ-CID with knowledge of the act, event, condition, opinion or diagnoses, recorded to make the record or to transmit information thereof to be reasonably soon thereafter. Based on my review of these records, the following table contains the current sentence information for Gonzalez.



STATE'S
EXHIBIT
1

| Offense | County | Cause Number | Sentence | Offense Date | Sentence Date | Sentence Begin Date | Maximum Discharge Date |
|---|---|---|---|---|---|---|---|
| Series I-A | | | | | | | |
| Aggravated Assault Public Servant | Cameron | 04-CR-1586-C Count 2 | 50-years | 10-3-2004 | 10-15-2005 | 10-3-2004 | 5-3-2054 |
| Aggravated Assault Public Servant | Cameron | 03-CR-278-C Consecutive to cause # 04-CR-1586-C Count 2 | 10-years | 8-23-2002 | 11-29-2005 | 5-3-2054 with 469-days of pre-sentence jail credit | 1-20-2063 |
| Series II-A | | | | | | | |
| Aggravated Assault Public Servant | Cameron | 04-CR-1586-C Count 3 | 25-years | 10-3-2004 | 10-15-2005 | 10-3-2004 | 10-3-2029 |
| Aggravated Assault Public Servant | Cameron | 03-CR-278-C consecutive to cause # 04-CR-1586-C Count 3 | 10-years | 8-23-2002 | 11-29-2005 | 10-3-2029 with 469-days of pre-sentence jail credit | 6-21-2038 |

Offender Gonzalez was received into TDCJ custody on 1-11-2006 from Cameron County. Offender Gonzalez was convicted by the 197th District Court for the following:

### Series I-A

> Aggravated Assault Public Servant, under cause number 04-CR-1586-C (count-2), and sentenced to 50-years. Offender Gonzalez was convicted for this offense occurring on 10-3-2004, with sentencing on 10-15-2005, and sentence to begin on 10-3-2004.

> Aggravated Assault Public Servant, under cause number 03-CR-278-C, and sentenced to 10-years. Offender Gonzalez was convicted for this offense occurring on 8-23-2002, with sentencing on 11-29-2005, with sentence to run consecutive to cause number 04-CR-1586-C, with 469-days of pre-sentence jail credit.

### Series II-A

> Aggravated Assault Public Servant, under cause number 04-CR-1586-C (count-3), and sentenced to 25-years. Offender Gonzalez was convicted for this offense occurring on 10-3-2004, with sentencing on 10-15-2005, and sentence to begin on 10-3-2004.

> Aggravated Assault Public Servant, under cause number 03-CR-278-C, and sentenced to 10-years. Offender Gonzalez was convicted for this offense occurring on 8-23-2002, with sentencing on 11-29-2005, with sentence to run consecutive to cause number 04-CR-1586-C, with 469-days of pre-sentence jail credit.

When an offender has consecutive sentences, the second sentence will begin when the first sentence ceases to operate. A sentence "ceases to operate" when it is served out in full day-for-day or on the date a parole panel designates as the date the offender would have been released to parole but for the second sentence. Texas Government Code § 508.150(b), *Ex parte Cowan*, 171 S.W.3d 890 (Tex. Crim. App. 2005), *Ex parte Kuester*, 21 S.W.3d 264 (Tex. Cr. App. 2000).

Offender Gonzalez's time was adjusted on 6-3-2015 to reflect that he is serving consecutive sentences and not concurrent sentences.

This office has not received any Time Dispute Resolution Forms from Offender Gonzalez.

CHARLEY VALDEZ
Program Supervisor III
Classification and Records
Texas Department of Criminal Justice
Correctional Institutions Division

SUBSCRIBED AND SWORN TO before me, the said Notary Public on this the 11th day of June, 2015, to certify which witness my hand and seal of office.

DONNA M. BELL
Notary Public, State of Texas
My Commission Expires
AUGUST 7, 2018

Notary without Bond

Notary Public In and For
The State of Texas